SO ORDERED.

SIGNED July 5, 2017.



_____
JOHN W. KOLWE
UNITED STATES BANKRUPTCY JUDGE
_____

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISON

| | |
|---|---|
| IN RE: MICHAEL F. CAMPBELL | CASE NO. 16-80837 |
| LOUISIANA WORKFORCE COMMISSION | ADVERSARY NO. 16-8026 |
| VERSUS | |
| MICHAEL F. CAMPBELL | |

### REASONS FOR DECISION

Plaintiff, Louisiana Workforce Commission ("LWC"), obtained an administrative determination that Defendant/Debtor, Michael F. Campbell, received unemployment insurance payments during certain periods when he was not entitled to those benefits. It seeks a determination that its claim against Campbell is nondischargeable. Campbell has moved for dismissal, claiming the Complaint was not filed timely. After considering the arguments of counsel, the parties' pleadings and the relevant authorities, the Court rules as follows.

The Court's jurisdiction over this proceeding is based on 28 U.S.C. §§ 157 and 1334. This matter is designated a core proceeding under 28 U.S.C. § 157(b)(2)(I). The Court makes the following findings of fact and conclusions of law in accordance with Fed. R. Bankr. P. 7052.

## I. BACKGROUND

Campbell filed his bankruptcy case on July 27, 2016.[1] LWC was not scheduled as a creditor; nor was it listed in Campbell's creditor matrix.[2] The meeting of creditors was scheduled for September 28, 2016, and even though LWC was not scheduled, the Clerk of the Bankruptcy Court sent automatic notice of the case filing and date of the creditors' meeting to LWC on August 2, 2016.[3] On August 3, 2016, LWC filed a proof of claim in Campbell's bankruptcy case, asserting a nonpriority, unsecured claim in the amount of $19,314.50 for the repayment of unemployment benefits allegedly procured by Campbell through fraudulent means.[4]

LWC filed its Complaint on December 27, 2016, requesting the Court determine its claim against Campbell is nondischargeable under 11 U.S.C. § 523(a)(2)(A).[5] The Clerk of Court issued the Summons on December 28, 2016, and the Summons and Complaint were served on Campbell by Federal Express on January 23, 2017.[6] On April 24, 2017, Campbell filed a Motion to Dismiss, claiming the Complaint was not filed within the limitation period provided by Fed. R. Bankr. P. 4007(c).[7] LWC opposes Campbell's Motion, claiming that it was not filed within the deadline to file an answer under Fed. R. Bankr. P. 7012(a). LWC also moved for a default judgment.[8]

## II. LAW AND ANALYSIS

### A. Standards applicable to Rule 12(b)(6) Motions.

Campbell's Motion was filed pursuant to Rule 12(b)(6), which applies to adversary proceedings under Bankruptcy Rule 7012(b).[9] The purpose of a Rule 12(b)(6) motion "is to test

---

[1] Case No. 16-80837, Doc. No. 1.

[2] *Id.*

[3] Case. No. 16-80837, Doc. Nos. 8, 9 and 10.

[4] Case No. 16-80837, Claim No. 1.

[5] Adv. No. 16-8026, Doc. 1.

[6] Adv. No. 16-8026, Doc. Nos. 6 and 7.

[7] Adv. No. 16-8026, Doc. Nos. 8 and 20.

[8] *See* Adv. No. 16-8026, Doc. Nos. 9, 10, 14 and 21. The Court denied the motion for default. *See* Section II.C. of this opinion for a discussion of this issue.

[9] Fed. R. Bankr. P. 7012(b) provides that "Rule 12(b) – (i) F.R.Civ.P. applies in adversary proceedings."

2

the legal sufficiency of the complaint."[10]  In order to survive the motion, "the plaintiff must plead enough facts to state a claim to relief that is plausible on its face."[11]  "If the allegations set forth in the complaint, even if true, could not raise a claim of entitlement to relief, the court will expose the basic deficiency" and dismiss the case.[12]

Although LWC contends that untimeliness is not one of the defenses allowed by Rule 12(b), the United States Fifth Circuit Court of Appeals has held that "dismissal for failure to act timely, like dismissal for expiration of the statute of limitations, is properly raised by a Rule 12(b)(6) motion to dismiss for failure to state a claim."[13]  Accordingly, the Court finds that a motion under Rule 12(b)(6) is an appropriate procedural mechanism for determining whether a complaint is timely filed, because it allows such a determination to be made "'at the point of minimum expenditure of time and money by the parties and the court.'"[14]

### B. LWC did not file its complaint within the applicable limitation period.

LWC's objection to discharge is based on § 523(a)(2)(A), which excepts from discharge any debt obtained by "false pretenses, a false representation, or actual fraud."[15]  This discharge exception is not automatic.  Section 523(c)(1) of the Code provides that debts covered by § 523(a)(2)(A) will be discharged "unless, on request of the creditor to whom such debt is owed, … the court determines such debt is to be excepted from discharge."[16] Rule 4007(c) provides the time limit for a creditor to seek a determination of dischargeability under § 523(c):

---

[10] *In re Blakeslee*, 29 B.R. 996, 997 (M.D. Pa. 1983), *citing Peck v. Hoff,* 660 F.2d 371, 374 (8th Cir.1981).

[11] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007), *citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007); *McKinley v. Harvey Toyota of Bossier City, Inc.*, 572 F.Supp.2d 673, 675 (W.D. La. 2008).

[12] *McKinley,* 572 F.Supp.2d at 675.

[13] *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir 1980); *see also In re Oliver*, 547 B.R. 423, 425 (D. Kan. 2016); *Piraino v. U.S. Postal Service*, 69 F.Supp.2d 889 (E.D. Tex. 1999).

[14] *McKinley,* 572 F.Supp.2d at 675; *citing Cuvillier v. Taylor,* 503 F.3d 397, 401 (5th Cir.2007).

[15] 11 U.S.C. § 523(a)(2)(A).

[16] 11 U.S.C. § 523(c)(1); *see also Neeley v. Murchison,* 815 F.2d 345, 347 (5th Cir. 1987) (§ 523(c) of the Code places a "heavy burden" on a creditor to timely request a determination of dischargeability, because if a request is not made, the debt will be automatically discharged).

3

> [A] complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). … On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.[17]

This time limit is not jurisdictional, and a debtor may forfeit his right to assert such limitation as a defense if he or she does not "raise the Rule's time limitation before the bankruptcy court reaches the merits of the creditor's objection to discharge."[18]

However, under § 523(a)(3)(B) a debt obtained by false pretenses, a false representation or actual fraud is not subject to discharge, and the 60 day limitation period provided by Rule 4007(c) does not apply, if the debt is "neither listed nor scheduled" in time to allow (i) "timely filing of a proof of claim and" (ii) "timely request for a determination of dischargeability of such debt …, *unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.*"[19]

Campbell's debt to LWC was neither listed nor scheduled. But, LWC had notice *and* actual knowledge of Campbell's case in time to allow it to file both a proof of claim and a Complaint to determine dischargeability of its claim. The record in Campbell's bankruptcy case shows that the Clerk of Court provided notice to LWC of the first date set for the meeting of creditors and the deadline to file a proof of claim.[20] The record also shows that LWC, only six days after Campbell commenced his case, and one day after receiving notice from the Clerk, filed a proof of claim.[21] Thus, LWC had sufficient notice to determine the deadline for filing a complaint to determine dischargeability of its claim.

The first date set for the meeting of creditors was September 28, 2016. Under Rule 4007(c), LWC had 60 days from that date, or until November 27, 2016, in which to file its complaint to

---

[17] Fed. R. Bankr. P. 4007(c).

[18] *Kontrick v. Ryan*, 540 U.S. 443, 447, 124 S.Ct. 906, 910, 157 L.Ed.2d 867 (2004).

[19] 11 U.S.C. § 523(a)(3)(B)(emphasis supplied).

[20] Case. No. 16-80837, Doc. Nos. 8, 9 and 10.

[21] Case No. 16-80837, Claim No. 1.

4

determine dischargeability under § 523(c) of the Code. LWC waited until December 27, 2016 to file its complaint. LWC's complaint was not filed timely. Therefore, even if the allegations in LWC's Complaint are true, it no longer has a legal right to assert the dischargeability claim, unless, as LWC contends, Campbell's motion is not properly before the Court.

### C. Campbell's Rule 12(b)(6) Motion is properly before the Court.

LWC does not deny that its Complaint was filed untimely. Rather, it argues that Campbell's Motion to Dismiss should be denied because it was not filed within the 30-day time period for a defendant to answer a complaint under Fed. R. Bankr. P. 7012(a).[22] LWC does not explain how a denial of Campbell's Motion on this basis will cure the untimeliness of its Complaint. However, since LWC moved to obtain the entry of a default judgment after Campbell filed his Motion to Dismiss, LWC appears to be operating under the assumption that it will be entitled to judgment by default if Campbell's Motion to Dismiss is deemed untimely filed.

LWC cites two cases to support its argument. The first is *Evans v. Codilis & Stawiarski, P.A.*,[23] which is a decision denying a motion for summary judgment filed by the plaintiff. Although the court noted in the opinion that it had denied the defendant's motion to dismiss because it was filed after the deadline to answer had expired, it nonetheless allowed the defendant to defend against the motion for summary judgment, and based on that defense, concluded the plaintiff was not entitled to summary judgment as a matter of law.

The second case relied upon by LWC is *Stevens v. Showalter*.[24] In that case the court denied a Rule 12(b)(6) motion because it was filed after the defendant had filed his answer. The defendant raised this denial on appeal following trial on the merits. The appellate court concluded the defendant had been provided ample opportunity, prior to trial, to either amend his answer to add the defense of failure to state a claim, or to assert that defense by filing a motion on the pleadings or for summary judgment, but had not done so. Given these failures, the court concluded that the defense of failure to state a claim had been waived by the defendant. The court stated:

---

[22] Rule 7012(a) provides in relevant part that "if a complaint is duly served, the defendant shall serve an answer within 30 days of the issuance of the summons."

[23] 2005 WL 3845700 (Bankr. N.D. Fla. 2005).

[24] *Stevens v. Showalter*, 458 B.R. 852 (D. Md. 2011).

> [H]aving failed to exhaust the several remedies available to him pursuant to Rules 12(c), 12(h)(2), 56, and 52(c), [the defendant] now asks this Court to undo the entire case, including an extensive trial on the merits, and, if that were not enough, to enter judgment in his favor. The Court, without the least hesitation, denies the requested relief.[25]

While the court in each of these cases denied a motion to dismiss on the basis that the motion was not filed timely, neither court held that the untimeliness of the motion caused a forfeiture of the defendant's right to defend against the plaintiff's action. The court in *Evans* allowed the defendant to defend against the plaintiff's motion for summary judgment, and the court in *Stevens* indicated it would have considered the defense of failure to state a claim had the defendant utilized the proper procedure to get the issue before the bankruptcy court prior to trial. For these reasons, the Court does not find these cases persuasive.

Moreover, there is authority indicating that the Court, in the exercise of its discretion, may properly consider a Rule 12(b)(6) motion which was not filed within the applicable delay period for answering a complaint. In *Hudson v. State of North Carolina,* the court held that "the lateness of filing of the Rule 12 motion is irrelevant" provided the motion was filed "before the plaintiff's motion for default judgment."[26] This is because the filing of a Rule 12(b)(6) motion, "however late, cure[s] [the defendant's default] and thereafter entry of default would not be appropriate."[27] Further, in *Totalplan Corp. of America v. Lure Camera, Ltd.*, the court concluded that even if there has been a "technical default," a defendant's motion to dismiss for failure to state a claim should be "dealt with" by the court "in the interest of economy" where the plaintiff did not seek an entry of default and given the "relatively relaxed standard for vacating an entry of default."[28]

In the more recent case of *Hedeen Int'l., LLC v. Zing Toys, Inc.*, the court considered whether a motion seeking dismissal of a complaint under Rule 12(b)(2) for lack of personal

---

[25] *Id.,* 458 B.R. at 858.

[26] *Hudson v. State of North Carolina*, 158 F.R.D. 78, 80 (E.D.N.C. 1994) (While noting a "surprising lack of authority on the specific point," the court held that a motion to dismiss filed prior to a motion for entry of a default cures the default.).

[27] *Id.*

[28] *Totalplan Corp. of America v. Lure Camera, Ltd.,* 613 F.Supp. 451, 456 (W.D.N.Y. 1985); *see also Ellison v. JP Morgan Chase Bank, N.A.*, 2013 WL 5913432, *12 (E.D. Mich. 2013); *In re Morrison*, 421 B.R. 381, 389 (Bankr. S.D. Tex. 2009).

16-08026 - #23   File 07/05/17   Enter 07/05/17 16:58:41   Main Document   Pg 6 of 8

jurisdiction had been waived because it was not filed within the 21-day time period for filing an answer to the complaint.[29] The defendant waited nearly 90 days before filing the motion, which represented the defendant's initial pleading in the case. The plaintiff had not moved for a default prior to that time. The court concluded that defendant had not waived the defense, stating:

> Litigators should be able to rely on the plain language of the Rules in conducting litigation in federal court. Under a straightforward reading of Rule 12, a challenge to personal jurisdiction may be asserted either in a responsive pleading filed within 21 days, or in a motion with no similar time limit specified. That does not mean the time for filing such a motion is unbounded or that the plaintiff is without recourse. Failure to file a motion or responsive pleading in 21 days may result in the issuance of a default judgment against the defendant. … We agree with the district court that the defense was not waived by the failure to file the motion within 21 days.[30]

Taking all these factors into consideration, the Court finds that Campbell's Motion to Dismiss is properly before the Court and ripe for decision. Campbell demonstrated an obvious intent to defend against LWC's action when he filed the Motion to Dismiss under Rule 12(b)(6) *prior to* LWC taking any action to default Campbell. Moreover, LWC had nearly 60 days within which to attempt to default Campbell, but it waited until after Campbell had taken a step to assert what the Court finds to be a meritorious defense before attempting to obtain a default.

Even if LWC had obtained an entry of a default under Rule 55(a) before Campbell filed the Motion to Dismiss, and thereafter moved for default judgment under Rule 55(b), the motion likely would have been denied. In determining whether a plaintiff is entitled to default judgment, a court must "determine if the summons and complaint have been properly served."[31] This is because a defendant's obligation to file an answer commences to run only when the complaint has been "duly served."[32] Rule 7004(e) requires the summons and complaint to be served on the defendant "within seven days after the summons is issued."[33] In this case, the summons was issued

---

[29] *Hedeen Int'l., LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016).

[30] *Id.*

[31] *In re Taylor*, 495 B.R. 28, 34 (10th Cir. BAP 2013).

[32] Fed. R. Bankr. P. 7012(a).

[33] Fed. R. Bankr. P. 7004(e).

7

on December 28, 2016, and not served until January 23, 2017, thereby leaving Campbell only four days to respond. It was therefore stale.

LWC, in its post-hearing brief, requests that the court grant it additional time to properly serve the Complaint and Summons if the Court determines it was not timely served. Such a course of action cannot cure the untimeliness of LWC's Complaint, and therefore would merely delay the inevitable.

Finally, LWC claims that if "Mr. Campbell ultimately receives a discharge from repaying all prepetition debts in the lead bankruptcy case …, the Louisiana Workforce Commission will be prejudiced."[34] The fact that Campbell's Motion may result in LWC's Complaint being dismissed "is not the type of prejudice contemplated by the law."[35] "'To establish, prejudice [warranting the entry of a default judgment], plaintiff must show that the delay [in answering the complaint] will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion.'"[36] LWC has made no such showing in this case.

### III. CONCLUSION

Campbell's Motion to Dismiss under Rule 12(b)(6) is properly before the Court. It establishes that LWC did not file its Complaint within the time period established under Fed. R. Bankr. P. 4007(c). LWC's Complaint will be dismissed at this point with minimum expenditure of time and money by the parties and the court. A separate and confirming Order will be entered.

# # #

---

[34] Adv. No. 16-8026, Doc. No. 21, pg. 9.

[35] *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 2012 WL 12884582, *3 (S.D. Miss. 2012).

[36] *Id.*, citing *INVST Financial Group, Inc. v. Chem-Nuclear Systems, Inc.*, 815 F.2d 391, 398 (6th Cir.), *cert. denied*, 484 U.S. 927, 108 S. Ct. 291, 98 L.Ed. 2d 251 (1987), *quoting Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983).